**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------ X
REBA KHAN,                      :
                                :
        Plaintiff,       :
                                :
  -against-                    :   No. 18 Civ. 981 (JFK)
                                :   **PRE-TRIAL REQUIREMENTS**
UNITED STATES OF AMERICA,       :
                                :
        Defendant.       :
------------------------------ X



**JOHN F. KEENAN, United States District Judge:**

    This case has been given a ready for trial date of **May 19, 2020**. As of that date, the parties must be ready to proceed to trial on 48 hours' notice from the Court.

    Chambers will notify counsel as far in advance as possible of a definite, firm trial date, when one is selected by the Court. Should counsel for either party find that circumstances have changed with respect to the readiness of the case for trial, or for extraordinary reasons additional advance notice of a firm trial date is needed, counsel are directed to advise the Court in writing.

    The following steps should be taken in connection with ready for trial status:

    1. The parties must file a joint-pre-trial order at least two weeks prior to the ready for trial date. The joint-pre-trial order must contain:

        (a) stipulated facts;
        (b) contentions of the parties as to disputed facts;
        (c) a list of evidence to be submitted at trial;
        (d) a list of witnesses to be called at trial;
        (e) legal issues to be decided by the Court; and
        (f) estimated time for presentation of each side's case.

In the event the parties cannot agree upon a joint-pre-trial order, separate pre-trial orders shall be submitted by the same date described above.

    2. Each party must submit a pre-trial memorandum setting forth the relevant statutory and case law by the same date

described above. Each party's version of the facts, as they bear upon the relevant law, shall be included in the pre-trial memoranda.

3. The parties shall state whether the reference of the entire matter or any individual issue to a Magistrate Judge or Master for trial is feasible, advisable, or consented to.

4. The parties must pre-mark all exhibits. Counsel shall exchange exhibits prior to trial. Plaintiff's exhibits shall be marked with numerals, and Defendant's with letters. Whenever possible, the parties should stipulate as to the authenticity and admissibility of exhibits. Pre-marked exhibits shall be submitted to the Court the day prior to the firm trial date. A list of exhibits should be supplied to the Court Clerk, as well as to the Court. All exhibits on such list shall be numbered in conformity with the joint-pre-trial order.

5. Counsel should have copies of any deposition transcripts that are to be read at trial. Counsel should mark the portion of each deposition transcript to be offered in evidence, and supply copies to the court reporter.

6. Counsel are expected to have all necessary witnesses on hand to commence and continue trial. The Court will not commit itself to wait for witnesses.

7. In a case to be tried by the Court, a schedule for submissions of proposed findings of fact and conclusions of law shall be set at the time of trial.

8. Failure to comply with these directions may result in dismissal or the entry of a default judgment.

9. Pre-trial motions must be filed no later than **May 4, 2020**.

10. The parties may request a settlement conference before a Magistrate Judge. Any such request must be made no later than **May 1, 2020**.

**SO ORDERED.**

Dated: New York, New York
February 24, 2020

_____
John F. Keenan
United States District Judge